June, 1840.

Wiley
v.
Angel and
others.

(*a*) The decision in these causes was affirmed on appeal to the Chancellor.

---

### Wiley *vs.* Angel and others.

A decree of sale upon the foreclosure of a mortgage, should contain a clause authorising the sale of so much of the mortgaged premises as may be sufficient to raise the amount due upon the mortgage.

And if the decree does not contain such a clause, the master, under ordinary circumstances, should sell only sufficient to raise the amount of the mortgage money, if the mortgaged premises are sus-ceptible of a division.

But when a foreclosure was instituted merely to carry out a previous agreement with a person claiming the premises, for a sale of the whole of the premises, and with a view of obtaining title thereto, the master upon the sale is justified in rejecting an application to sell in

June, 1840.

Wiley
v.
Angel and
others.

parcels, and may sell the whole ; and the facts appearing to the court upon an application for a resale, such application will be denied.

Upon an application to open a decree for a sale of mortgaged premises, or for a resale, the whole equities between the parties will be taken into consideration ; and the court, in its final order, will be governed by such equities.

IN March, 1840, a decree was made in this cause, for the sale of the mortgaged premises described in the bill. Upon the hearing, it was decided that the complainant was entitled to the usual decree of foreclosure, and a decree drawn by the solicitor was signed. It afterwards appeared that the following clause in the decree was stricken out before signing, viz. " Or so much thereof as may be sufficient to raise the money due to the complainant for the principal, interests, and costs in this cause, and which may be sold separately without material injury to the parties interested." The complainant caused the property to be advertised for a sale by a master under this decree. Before the sale, the defendant Seymour applied to have the decree modified ; but in consequence of other engagements of counsel, the motion was not heard. At the sale, the defendant applied to the master to sell in parcels, and offered to have the whole sum bid on a small parcel. This application the master refused to grant, and the whole property was sold and struck off to the complainant. The defendant Seymour now moves to set aside the sale and to have the decree amended, &c. Voluminous affidavits are presented on both sides, from which it appears on the part of the defendants, that the decree was altered before signing, under the impression that such would be the proper decree, and that a small portion of the premises would, if offered by itself, have realized the whole

mortgage money. On the part of the complainant, it appeared that one Plumb, some time before the commencement of the foreclosure suit, was a large creditor of the defendant Seymour, by mortgage, judgment, and simple contract; and that, with the approbation and consent of Seymour, the premises were sold to the complainant, who was to have the mortgage to perfect his title; and that the whole proceeds of the sale should be credited on Seymour's indebtedness to Plumb. The complainant had gone into possession under a lease which Plumb held, and had made improvements on the supposition that he was the real owner of the mortgaged premises.

*C. Howe,* for complainant.

*C. Tucker,* for defendant Seymour.

THE VICE CHANCELLOR. The clause erased from the decree before signature by the Vice Chancellor, should not have been stricken out. The 135 rule directs how mortgage decrees should be drawn, and seems to contemplate the insertion of a clause like the one erased. If there was nothing more, this application before sale to restore this clause, would have been granted. I am of the opinion that, notwithstanding the erasure of this clause, the master would still have had power to sell in parcels, exercising a reasonable discretion.

It appears he was applied to so to sell, and that he refused, but upon what grounds he refused, does not so distinctly appear. The affidavits produced before him are, however, before the court, as are several others bearing upon the question.

It would seem to meet the merits of the case, then,

to look at the facts as presented by these several affidavits, and see whether, under the circumstances of the case, a sale should have been made in whole or in parcels.

It appears by the affidavits produced on the part of the complainant, that a contract was made by Plumb with the complainant, for the sale of the premises, with the approbation and consent of Seymour; and that the complainant was to use this mortgage for the purpose of procuring a legal title. He did so use it, and Seymour resisted. There were likewise large judgments against Seymour, which were not in a situation to be used to obtain a present title, though they were liens upon the land. If the defendant should have succeeded in his application before the master, or shall succeed here, the consequence will be, that the contract between Plumb and the complainant, made with the approbation of Seymour, will be broken up, and Plumb may fail to realize the contracted price for the land. Seymour will remain in possession until evicted by the judgments. This will be in violation of an arrangement made to benefit him, and I cannot think it equitable. I cannot but notice it, too, as a singular circumstance, that Seymour could procure a bidder for part of the mortgaged premises, to the full amount of the mortgage, while he did not procure such bidder for the whole premises.

I am inclined to think that the master decided right in determining to sell the whole premises, as the proper mode to carry out an agreement made before the commencement of this suit.

I have looked over the papers with great care, and I come to the conclusion, under all the circumstances

of this case, that the equities of the parties do not demand that the sale should be set aside.

The motion is therefore denied, with costs to be taxed.